IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wendy D. Pate, | ) | C/A No.: 4:24-3865-JD-KDW |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| United States Postal Service, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

Plaintiff, proceeding pro se, brings this action against the United States Postal Service.[1] This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) for a Report and Recommendation ("R&R") on Defendant's Motion for Summary Judgment. ECF No. 55. Plaintiff responded to the Motion, ECF No. 70; Defendants submitted a Reply, ECF No. 71; and Plaintiff submitted a Sur-Reply, ECF No. 75.[2] Having reviewed the pleadings and filings in the case and applicable law, the undersigned recommends Defendant's Motion for Summary Judgment, ECF No. 55, be *granted and this matter be ended*.

I.     Background

Plaintiff alleges that she was injured when, upon entering United States Post Office in Lake City, South Carolina on July 8, 2022, the door closed quickly due to a broken hydraulic pump hinge, catching her foot in the door which caused her to fall. Compl., ECF No. 1 at 5. In her

---

[1] In its Answer, Defendant asserts that the United Postal Service is improperly named as Defendant and the United States of America should be substituted as party defendant. Answer, ECF No. 26 at 1. **The undersigned hereby instructs the Clerk to change Defendant to United States of America.**

[2] Plaintiff also submitted an additional attachment of supporting documents to her sur-reply consisting of medical records from May, July, and August 2025. Neither party addresses Plaintiff's medical claims in their briefs. ECF No. 78.

deposition Plaintiff testified that she was a long-time customer of the Lake City Post Office, was familiar with the building and the side entrance door, and she visited the Post Office every other day to retrieve mail from the post office box she rented. Pate Dep. 21, 32, ECF No. 55-1 at 3-4.

In her handwritten statement, Plaintiff noted the following:

> On 7-8-22 I entered the US Post Office located on Main St. Lake City SC using the side entrance door. Upon entering the door flew closed catching the back of my heal [sic] pinning it in the door causing me to fall face forward trying to cushion my fall I tried to avoid I used my hand palms down[.] But this did not eliminate the force of the fall[.] I fell with extensive force on my elbows and knees causing cuts & bruises. My foot is swollen my right shoulder and hand is jammed and the fall has created sever[e] pain in my left hip[,] my shoulders and lower back and knees & feel my right toe got pushed back to where it is servely [sic] spranged [sic] or possibly broken. I went to my Dr. to get checked and to get a[n] incident report. Upon my fall there was no one in post office and I was crying out for help, but no postal worker attempted to come to my rescue or need. I had to get up without any assistance. I then made it to the employee door and knock several times[.] Someone asked what I needed and I replied the postal manager. I waited leaning on the counter[;] he came out I explained what happened, I asked him to take pictures and how I need to file a report. He responded[,] took my name and pictures[,] ask if I need an ambulance[.] I told him I was going directly to my primary Dr. He told me to bring back an Incident report. I did this also I am being sent to hospital for x-rays from my injuries sustained to see the damages that has been done to my body. . .. This occurred at appx 8:15 am.

Pl.'s Ex. A, ECF No. 75-1 at 1-2. Plaintiff alleges that when she returned to the Post Office after her doctor's appointment the postal manager[3] was unavailable. ECF No. 75 at 2.

Plaintiff testified that when she visited the Post Office on the Monday and Wednesday before the incident on Friday, the "door was working perfectly fine." Pate Dep. 39, ECF No. 55-1 at 6-7. When asked if there was anything that was open or obvious to her that the door was in a dangerous condition or broken when she opened it to go into the post office, Plaintiff testified:

> No, because when I opened the door, it was just like, I normally open the door, I open the door and go in. You know, so opening the door is just to me opening the

---

[3] At the time of the incident the Associate Office Postmaster was Fred Silva. *See* ECF No. 71 at 2. Mr. Silva was no longer employed at the Lake City Post Office when Plaintiff filed her claim, and Mr. Silva's deposition was not taken. *Id.*

> door and going in. I, you know, I'm not a mechanic. I'm not, you know, a skilled construction person, so it's like if I were to open that door right there, I'm just going to open that door.

Pate Dep. 44, ECF No. 55-1 at 8.

Plaintiff alleges that as a result of her fall she injured her hands, arms, neck, lumbar spine, leg, ankle, and right shoulder. ECF No. 1 at 5. On July 8, 2024, Plaintiff filed this action under the Federal Tort Claims Act ("FTCA") and seeks $500,000.00 in damages. *Id.* at 3, 5. On May 16, 2025, Defendant moved for summary judgment arguing that the United States did not breach the duty of care owed to Plaintiff, did not have actual or constructive knowledge of the alleged defect, and had no duty to warn Plaintiff of any hidden or latent dangers. ECF No. 55 at 2.

II.      Legal Standard

The court must liberally construe pleadings filed by pro se litigants. *Cruz v. Beto*, 405 U.S. 319, (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction of a pro se plaintiff's complaint does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact when none exists. *See* Fed. R. Civ. P. 56(c). The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). The existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. *See Latif v. The Cmty. Coll. of Baltimore*, 354 F. App'x 828, 830 (4th Cir. 2009) (affirming district court's grant of summary judgment, noting plaintiff's affidavit, which offered conclusions not based on his own knowledge, did not create genuine issues of material fact).

III. Analysis

Defendant argues that the "undisputed material facts demonstrate Defendant did not breach its duty of care owed to Plaintiff of exercising reasonable ordinary care for her safety and is not

4

liable for any injuries she suffered." ECF No. 55 at 1. Plaintiff argues that factual disputes exist as to whether the door closer was functioning properly at the time of the incident; whether USPS, through its Associate Office Postmaster, failed to maintain the premises as required by USPS policy; whether the lack of record-keeping and failure to report the incident was intentional or negligent; and whether the replacement of the door closer supports an inference that it was malfunctioning when Plaintiff was injured. ECF No. 70 at 3. In her sur-reply Plaintiff also indicates that a genuine dispute exists as to whether Postal Service employees gave statements about the incident. ECF No. 75 at 3.

Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. The FTCA incorporates "the law of the place where the act or omission occurred" in this case, South Carolina. *See* 28 U.S.C. § 1346(b); *see also Corrigan v. United States,* 815 F.2d 954, 955 (4th Cir. 1987). Under South Carolina law, "[t]o establish negligence in a premises liability action, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) defendant's breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." *Charleston Elec. Servs., Inc. v. Rahall*, 831 S.E.2d 122, 125 (S.C. Ct. App. 2019) (quoting *Singleton v. Sherer*, 377 S.C. 185, 200, 659 S.E.2d 196, 204 (Ct. App. 2008)). "South Carolina recognizes four classes of persons present on the property of another: adult trespassers, invitees, licensees, and children. The level of care owed is dependent upon the class of person present." *Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000). Defendant contends, and Plaintiff does not dispute, that she was an "invitee" under South Carolina law; therefore, the United States owed Plaintiff "the duty of exercising reasonable or ordinary care for

5

[her] safety and is liable for injuries resulting from the breach of such duty." *Sims v. Giles*, 541 S.E.2d 857, 863 (S.C. Ct. App. 2001). "To recover damages for injuries caused by a dangerous or defective condition on a defendant's premises, a plaintiff 'must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it.'" *Pringle v. SLR, Inc. of Summerton*, 675 S.E.2d 783, 787 (S.C. 2009) (quoting *Anderson v. Racetrac Petroleum, Inc.,* 371 S.E.2d 530, 531 (S.C. 1988)).

Defendant asserts that, other than Plaintiff's allegation, there is no evidence the side door to the Post Office was broken. ECF No. 55 at 8. Further, Plaintiff does not allege that a specific act by the Defendant caused the door to break, or that Defendant had actual or constructive knowledge of a dangerous condition regarding the door. *Id.* Instead Plaintiff argues that photographic evidence indicates the "original door closer was replaced after the incident, leaving additional holes in the frame. If the door had been in proper working condition, there would have been no need for replacement." ECF No. 70 at 2. Plaintiff supports this argument by providing photographs of the door frame and door closure mechanism that shows extra drill holes in the closure frame. *See* Pl.'s Exs. C-F, ECF No. 70-1 at 5-8. Plaintiff does not offer any information regarding when the photographs were taken, or when the holes were drilled. The only date on the photographs is April 16, 2025—almost three years after the incident. *Id.*

Defendant argues that the origins of the photographs, which were produced for the first time in Plaintiff's opposition to summary judgment, are unknown and "do not appear to be photographs produced by the parties during discovery." ECF No. 71 at 2. In response to the newly produced evidence, Defendant provided a maintenance report from 2005 memorializing the replacement of the side door closure. ECF No. 71-1. Defendant contends that Plaintiff's

6

unauthenticated photographs do not meet the Federal Rules of Evidence and cannot be relied upon to show that repairs were made after Plaintiff's injury. ECF No. 71 at 4.

In her sur-reply Plaintiff asserts the work performed was not done by a licensed contractor because "they in no way would drill 10 holes to ensure a hydraulic hinge." ECF No. 75-1 at 10. Plaintiff claims that the postal manager "knew the hydraulic hinge was in fact broken on the day of my injury he tested the door in my presence, and it abruptly came at full force slamming shut. This was a fast fix by an unprofessional to attempt to cover up my accident which was in fact due to the Post Masters negligence to perform his required job duties." *Id.*

In order to recover damages Plaintiff must show that either her injuries were caused by a specific act of Defendant that created the dangerous condition, or that Defendant had actual or constructive knowledge of the dangerous condition and did not remedy it. *Pringle v. SLR, Inc. of Summerton*, 675 S.E.2d at 787. Plaintiff has not set forth any evidence that Defendant did anything that caused the side door to malfunction. Indeed, Plaintiff testified that the door operated properly when she visited the Post Office two days prior to the incident, and she did not notice that there was anything wrong with the door when she opened it on the date of incident. Pate Dep. 39, 44; ECF No. 55-1 at 6-8. There are no reports of other customers complaining about the door prior to the incident or repairs made to the door (other than the maintenance report from 17 years prior). Under the second prong, the court must determine if Plaintiff, viewing the facts in the light most favorable to her, can establish that Defendant had actual or constructive knowledge that the door was malfunctioning and failed to remedy the hazard. Even if the court were to consider the photographs that Plaintiff purports show "evidence of post-incident door repairs," they do not establish that Defendant knew or had reason to know of a defect in the door at the time Plaintiff was injured. Furthermore, under the Federal Rules of Evidence, evidence of subsequent remedial

measures is not admissible to prove negligence, culpable conduct, a defect in a product or design, or a need for a warning or instruction. Fed. R. Evid. 407. Plaintiff is unable to establish the elements necessary to support a negligence claim or premises liability action against Defendant. Summary judgment in favor of Defendant is appropriate.

Plaintiff also suggests that genuine disputes of material fact exist as to whether the lack of record-keeping and failure to report the incident provides an inference that required records were not preserved, and whether postal service employees gave statements corroborating the incident. ECF No. 70 at 3, ECF No. 75 at 3. Plaintiff alleges that the postal manager, Mr. Silva, did not file an official report regarding the incident. ECF No. 70 at 2. She also contends that she was told by a former postal employee that the employee gave a statement to an investigator indicating that she heard Plaintiff calling for help on the date of the incident. *Id.* Plaintiff suggests there is an inference that the incident report was not preserved. However, the current Lake City postmaster, Lateshia Hughes, testified that when tasked with looking for information regarding complaints or statements related to the side door, she received Mr. Silva's statement and actions he took in reference to Plaintiff's incident.[4] Hughes Dep. 9-11, ECF No. 55-2 at 5-7. Regardless, Defendant does not dispute that the incident occurred but asserts that the United States did not breach the duty of care it owed Plaintiff. Any reports or statements regarding her fall or calls for help would not support Plaintiff's cause of action under a premises liability or negligence theory as there is no evidence that Defendant created the issue with the door or had prior knowledge of a dangerous condition and did not remedy it. Even Plaintiff's own contemporaneous statement recounting the incident provides only that the "door flew closed" and caught the back of her heel. ECF No. 75-1 at 1. Plaintiff had a doctor's appointment that same day and the progress note from her physician

---

[4] That statement has not been provided to the court.

indicates that Plaintiff reported "she was struck by the door at the post office this morning and it caused her to fall." *Id.* at 3. It is only when she filed her Complaint two years later that Plaintiff alleged that the "hydraulic pump hinge on the door was broken[.]" ECF No. 1 at 5. Any inference that a jury could make from the absence of an incident report would not change the fact that there was no indication the door was dangerous or unfit for use on the date of the incident. *See Pringle v. SLR, Inc. of Summerton*, 675 S.E.2d at 787–88; *Barwick v. Celotex Corp.*, 736 F.2d 946, 963 (4th Cir. 1984) ("Genuine issues of material fact cannot be based on mere speculation or the building of one inference upon another.").

Viewing this case in the light most favorable to Plaintiff, the undersigned recommends finding that Defendant did not breach its duty to Plaintiff to exercise reasonable or ordinary care for her safety and that Plaintiff has failed to provide evidence in the record to show that the side door to the Lake City Post Office was broken, that Defendant created a dangerous condition, or that Defendant had knowledge—actual or constructive—that the door posed a dangerous condition to its invitee on the date of the incident.

IV.    Conclusion

Based on the foregoing discussion and analysis, the undersigned recommends that the district court grant Defendant's Motion for Summary Judgment, ECF No. 55, and this case be dismissed with prejudice.

IT IS SO RECOMMENDED.

January 9, 2026
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**