IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wendy D. Pate, ) | Case No.: 4:24-cv-3865-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 83), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns Defendant United States of America's Motion for Summary Judgment (DE 55) and recommends that the Motion be granted and that this action be dismissed with prejudice.[1] (DE 83.)

A.     Background

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff, proceeding *pro se*, commenced this action on July 8, 2024, asserting claims under the Federal Tort Claims Act ("FTCA") arising from injuries she allegedly sustained while entering a United States Post Office in Lake City, South

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Carolina. (DE 1.) Plaintiff alleged that a malfunctioning door caused her to fall and suffer injuries to multiple parts of her body. (*Id.*) The Court granted Plaintiff leave to proceed *in forma pauperis* and authorized service of process. (DE 13; DE 18.) Defendant United States Postal Service initially answered the Complaint (DE 26), and the Court entered a Scheduling Order governing discovery and pretrial deadlines (DE 28).

During the course of discovery, on May 16, 2025, Defendant moved for summary judgment, asserting that Plaintiff could not establish the elements of a premises liability or negligence claim under South Carolina law.[2] (DE 55.) Because Plaintiff is proceeding *pro se*, the Magistrate Judge issued a *Roseboro* Order advising Plaintiff of the summary judgment procedures and the consequences of failing to respond. (DE 56.) Plaintiff thereafter filed a response in opposition (DE 70), Defendant filed a reply (DE 71), and Plaintiff filed a sur-reply[3] (DE 75).

B.    **Report and Recommendation**

On January 9, 2026, the Magistrate Judge issued the Report recommending that Defendant's Motion for Summary Judgment be granted and that this action be dismissed with prejudice. (DE 83.) As explained in the Report, the Magistrate Judge concluded that Plaintiff failed to present evidence sufficient to establish that

---

[2] The United States Postal Service filed the Motion for Summary Judgment while it was the named defendant (DE 55); the United States of America has since been substituted as the proper party defendant and the caption updated accordingly (DE 84), and the Motion is treated as filed on behalf of the United States.

[3] Plaintiff filed a sur-reply in opposition to Defendant's Motion for Summary Judgment (DE 75). Although the Court did not expressly authorize the filing of a sur-reply, the Magistrate Judge considered Plaintiff's submission in light of her pro se status in issuing the Report and Recommendation. (*See* DE 83.)

2

Defendant created a dangerous condition on the premises or had actual or constructive notice of any alleged defect, as required to sustain a premises liability or negligence claim under South Carolina law. (*Id.*) The Report further determined that Plaintiff's reliance on speculative inferences and purported post-incident repairs was insufficient to create a genuine dispute of material fact, and that summary judgment in Defendant's favor was therefore appropriate. (*Id.*)

**C.     Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.   Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a de novo review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.   Conclusion**

Accordingly, after a careful and thorough review of the Report and the record in this case, the Court finds no clear error and adopts the Report (DE 83) in its entirety and incorporates it herein by reference. It is, therefore, **ORDERED** that Defendant United States of America's Motion for Summary Judgment (DE 55) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 30, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.